## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20530-0001, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONAL SECURITY AGENCY, | ) | |
| 9800 Savage Road | ) | |
| Fort Meade, MD 20755, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Justice and the National Security Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.  The Justice Department has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant National Security Agency is an agency of the United States Government and is headquartered at 9800 Savage Road, Fort Meade, MD 20755.  The NSA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On April 4, 2017, Plaintiff submitted a FOIA request to the Justice Department seeking:

> 1.  **Any and all requests for information, analyses, summaries, assessments, transcripts, or similar records submitted to the Department of Justice or any official, employee, or representative thereof by former National Security Advisor Susan Rice regarding, concerning, or related to the following:**
>
> - **Any actual or suspected effort by the Russian government or any individual acting on behalf of the Russian government to influence or otherwise interfere with the 2016 presidential election;**
>
> - **The alleged hacking of computer systems utilized by the Democratic National Committee and/or the Clinton presidential campaign;**

- **Any or actual or suspected communication between any member of the Trump presidential campaign or transition team and any official or employee of the Russian government or any individual acting on behalf of the Russian government; or**

- **The identities of U.S. citizens associated with the Trump presidential campaign or transition team who were identified pursuant to intelligence collection activities.**

2. **Any and all records created and/or produced in response to any request described in part 1 of this request; and**

3. **Any and all records of communication between any official, employee, or representative of the Department of Justice and any member, employee, staff member, or representative of the National Security Council regarding, concerning, or related to any request described in Part 1 of this request.**

**The time frame for this request is January 1, 2016 to the present.**

7.      By email dated May 2, 2017, the Justice Department acknowledged receiving

Plaintiff's FOIA request on April 5, 2017 and assigned it Tracking Number DOJ-2017-003849.

8.      On April 4, 2017, Plaintiff also submitted a FOIA request to the NSA seeking:

1. **Any and all requests for information, analyses, summaries, assessments, transcripts, or similar records submitted to the National Security Agency or any official, employee, or representative thereof by former National Security Advisor Susan Rice regarding, concerning, or related to the following:**

- **Any actual or suspected effort by the Russian government or any individual acting on behalf of the Russian government to influence or otherwise interfere with the 2016 presidential election;**

- **The alleged hacking of computer systems utilized by the Democratic National Committee and/or the Clinton presidential campaign;**

- **Any or actual or suspected communication between any member of the Trump presidential campaign or transition team and any official or employee of the Russian government or any individual acting on behalf of the Russian government; or**

- **The identities of U.S. citizens associated with the Trump presidential campaign or transition team who were identified pursuant to intelligence collection activities.**

2. **Any and all records created and/or produced in response to any request described in part 1 of this request; and**

3. **Any and all records of communication between any official, employee, or representative of the National Security Agency and any member, employee, staff member, or representative of the National Security Council regarding, concerning, or related to any request described in Part 1 of this request.**

**The time frame for this request is January 1, 2016 to the present.**

9.      By letter dated April 28, 2017, the NSA acknowledged receiving Plaintiff's FOIA request on April 12, 2017 and assigned it Case Number 101394.

10.      As of the date of this Complaint, the Justice Department and the NSA have failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations.

<u>**COUNT I**</u>
**(Violation of FOIA, 5 U.S.C. § 552)**

11.      Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Plaintiff is being irreparably harmed by Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

13.     To trigger FOIA's administrative exhaustion requirement, Defendants were required to determine whether to comply with Plaintiff's requests within the time limits set by FOIA. Accordingly, the Justice Department's determination was due on or about May 17, 2017, and the NSA's determination was due on or about May 10, 2017. At a minimum, Defendants were obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations. *See, e.g., Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

14.     Because Defendants failed to determine whether to comply with Plaintiff's requests within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by dates certain, any and all non-exempt records to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 24, 2017                                 Respectfully submitted,

                                                    /s/ Michael Bekesha
                                                    Michael Bekesha
                                                    D.C. Bar No. 995749
                                                    JUDICIAL WATCH, INC.
                                                    425 Third Street S.W., Suite 800
                                                    Washington, DC 20024
                                                    (202) 646-5172

                                                    *Counsel for Plaintiff*